IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Reggie Mandell Williams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:18-cv-0405-TMC |
| v. ) | |
| ) | **ORDER** |
| Cash America, ) | |
| Brain Brook, ) | |
| And Roger Iverson, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action under Title VII of the Civil Rights Act of 1964. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.) this matter was referred to a magistrate judge for pretrial handling. On March 27, 2018, the magistrate judge authorized service of process upon all defendants. (ECF No. 20). However, on June 4, 2018, the summons for Defendant Brook was returned by the United States Marshal's Service as unexecuted. (ECF No. 40). Thereafter, the court ordered Plaintiff to provide sufficient information for service of process as to Defendant Brook. (ECF No. 42). In that order, the court warned Plaintiff that he had twenty-one days to complete and return the information on Defendant Brook, and that failure to do so could result in Defendant Brook being dismissed. (ECF No. 42). On June 11, 2018, Plaintiff alerted the clerk's office that he could not locate any updated information on Defendant Brook. (ECF No. 44). The time to provide such information has passed.

The magistrate judge issued a Report and Recommendation ("Report") recommending that the district court *sua sponte* dismiss Defendant Brook as a defendant to this action. (ECF No. 51). Plaintiff was notified of his right to file objections to the Report. (ECF No. 51 at 4). While Plaintiff did file a document during the time period for objections, that document simply states that he is

1

"not going to argue this case through the US Postal Service" and appears to be a response to pending motions filed by the other Defendants. (ECF No. 54). However, even in liberally construing the document filed during the period for objections, no part of this document addresses any substantive basis of the Report. Furthermore, there is no part of the document, other than the caption, that mentions Defendant Brook. As such, the court is unable to construe the statement contained in the document as an objection to the Report. Therefore, the court finds that no objections have been filed, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the magistrate judge's Report (ECF No. 51), which is incorporated herein by reference. Accordingly, Defendant Brain Brook is **DISMISSED** as a defendant in this case.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 26, 2018

NOTICE OF RIGHT TO APPEAL
The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.