IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Reggie Mandell Williams, ) | |
| ) | Civil Action No. 6:18-cv-00405-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Cash America and Roger Iverson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se*, filed this civil action alleging that his former employer, Defendant Cash America, and a "Market Manager" at Cash America, Defendant Iverson, discriminated against him because of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.[1] (ECF No. 1). On May 9, 2018, Defendants Cash America and Iverson filed Motion to Dismiss for Failure to State a Claim or, in the alternative Motion to Stay Pending Arbitration. (ECF No. 30). Plaintiff filed multiple responses, (ECF Nos. 49, 50), and Defendants replied 53. (ECF No. 53). Plaintiff subsequently filed a sur reply. (ECF No. 54).

In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation

---

[1] Plaintiff's Complaint also asserted allegations against "Brain Brook," a regional manager for Cash America. (ECF No. 1). Defendant Brook was dismissed from this case by court order on July 26, 2018. (ECF No. 58).

1

("Report"), which recommends that the court grant Defendants' Motion to Dismiss in part. (ECF No. 61 at 12). Specifically, the magistrate judge recommends that the Motion to Dismiss be granted with prejudice as to Defendant Iverson and granted as to any claims against Defendant Cash America predating September 12, 2016. *Id.* The magistrate judge recommends that the court deny the Motion to Dismiss "in all other respects." *Id.* Additionally, the magistrate judge recommends that this court grant the alternative motion to compel arbitration and dismiss the case against Cash America without prejudice pending arbitration. *Id.* Plaintiff was advised of his right to file objections to the Report. *Id.* at 13. Plaintiff filed a document on October 23, 2018, asking the court to allow his case to proceed to trial. (ECF No. 64).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

As noted, after the magistrate judge issued the Report in this case, Plaintiff filed a document asking that the court allow his case to proceed to trial. (ECF No. 64). To the extent that this request could be liberally construed as an objection to the magistrate judge's recommendation that this case be sent to arbitration, the court notes that Plaintiff does not give any argument as to why arbitration should not be compelled, and, therefore, is not a specific objection. Additionally, this document does not mention, reference or address the Report in any way. Although documents filed *pro se* are "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), courts are not required to "conjure up questions never squarely presented to them," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Because Plaintiff's post-Report filing does not present any specific objections to the Report, the court declines further consideration of its content.

## I. CONCLUSION

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 61) and incorporates it herein. Accordingly, the court **GRANTS in part and denies in part** Defendants' Motion to Dismiss (ECF No. 30). Specifically, the Motion to Dismiss is **granted with prejudice** as to Defendant Iverson and is **granted** as to any claims against Cash America predating September 12, 2016. The Motion is **denied** in all other respects.

Furthermore, the alternative Motion to Stay Pending Arbitration (ECF No. 30) is **GRANTED in part and DENIED in part.** To the extent that the Motion to Stay Pending Arbitration seeks to compel arbitration, the motion is **granted**. However, the motion is **denied** in all other respects, because the court finds it appropriate to dismiss without prejudice the case against Cash America pending arbitration, because the only remaining claims are arbitrable.[2] Accordingly, the remaining claims against Defendant Cash America are **DISMISSED without prejudice** pending arbitration.

    **IT IS SO ORDERED.**

                                      s/Timothy M. Cain
                                      Timothy M. Cain
                                      United States District Judge

November 19, 2018
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] *See Choice Hotels Int'l v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709 – 10 (4th Cir. 2001) (stating that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"); *Rock v. Solar Rating & Cert. Corp.,* No. 8:17-cv-3401-DCC-JDA, 2018 WL 3750617 (D.S.C. July 23, 2018) (stating that ordinarily, a court "must stay an action pending arbitration of any arbitrable claims, with the exception that it may instead dismiss an action if all claims asserted are arbitrable"); *Bribson v. SSC Sumter East Operating Co., LLC*, No. 3:13-cv-02819-MGL, 2014 WL 3749317, at *2 (D.S.C. July 29, 2014) (stating that "the Fourth Circuit has also found that when all the issues presented in a lawsuit are subject to mandatory and binding arbitration, dismissal of the action, rather than the 'mandatory' stay required by 9 U.S.C. § 3 is a proper remedy").